UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORTNEY ALLEN,

           Plaintiff,

v.                                 Case No. 22-cv-613-pp

STATE OF WISCONSIN OFFICE
OF ATTORNEY GENERAL,

           Defendant.

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 3), SCREENING COMPLAINT AND DISMISSING CASE**

---

      On May 24, 2022, the plaintiff, representing himself, filed a complaint against the State of Wisconsin through the Office of Attorney General for unspecified conduct. Dkt. No. 1. The plaintiff also has filed a motion for leave to proceed without prepaying the filing fee and a motion for default judgment. Dkt. Nos. 2, 3.

**I.    Screening**

      In cases where the plaintiff asks to proceed without prepaying the filing fee, the court must "screen" the plaintiff's claims and must dismiss the case if it determines that the claims are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain

1

statement of the claim" showing that he is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of a *pro se* plaintiff's complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The plaintiff has sued the State of Wisconsin through the Wisconsin Office of the Attorney General alleging that the State of Wisconsin "did, unconstitutionally inflict/cause Human Rights violations and other unlawful deprivations, as herein stated . . ., upon [the plaintiff] and his Natural and Inherent Rights, under Color of Law." Dkt. No. 1 at 2. The language of the plaintiff's allegations indicates that he is bringing his claim under 42 U.S.C. §1983, which prohibits a "person" acting under color of state law from violating a plaintiff's civil rights.

The court must dismiss the plaintiff's complaint, because "neither a state nor, by extension, a state agency, is a 'person' for the purposes of § 1983." Sanders v. Ind. Dep't of Child Servs., 806 F. App'x 478, 480 (7th Cir. 2020) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989)). The plaintiff cannot sue the State of Wisconsin under §1983, either through the Office of the Attorney General (a state agency) or directly.

The Seventh Circuit has held that when a court dismisses a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), it normally should give the plaintiff at least one opportunity to amend before dismissing the case. Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. and Nw. Ind., 786 F.3d 510, 519 (7th Cir. 2015) (citations omitted). But "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008) (citations omitted). The court cannot discern from the complaint any other defendant against whom the plaintiff could bring his claims. And the plaintiff's claims—regarding his nationality, his self-determination, his status as a Natural Human Being, and other similar claims—appear to fall into a group of theories that the Seventh Circuit Court of Appeals has held have "no conceivable validity in American law." United States v. Jonassen, 759 F.3d 653, 657 n.2 (7th Cir. 2014) (quoting United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990)).

Because the plaintiff has sued an entity that is not subject to suit without its consent and because he has not stated claims for which a federal court may grant relief, the court concludes that it would be futile to allow him to amend the compliant. The court will dismiss the plaintiff's complaint and this case. Because the court is dismissing the case, it will deny as moot the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and his motion for entry of default judgment, dkt. no. 3.

## II. Conclusion

The court **DENIES AS MOOT** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES AS MOOT** the plaintiff's motion for entry of default judgment. Dkt. No. 3.

The court **ORDERS** that the case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 15th day of June, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**